

**OKLAHOMA**
State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| MARNE GIBBS,<br>    Plaintiff,<br>v.<br>J&D ACQUISITIONS INC,<br>    Defendant, and<br>RYON LONG,<br>    Defendant. | **No. CJ-2017-5037**<br>**(Civil relief more than $10,000: DISCRIMINATION)**<br><br>Filed: 12/20/2017<br><br><br>Judge: Nightingale, Rebecca B. |

## PARTIES

GIBBS, MARNE, Plaintiff
J&D ACQUISITIONS INC, Defendant
LONG, RYON, Defendant

## ATTORNEYS

| **Attorney** | **Represented Parties** |
|---|---|
| SMOLEN, DANIEL E (Bar #19943)<br>SMOLEN, SMOLEN & ROYTMAN, PLLC<br>701 S. CINCINNATI AVE<br>TULSA, OK 74119 | GIBBS, MARNE |

## EVENTS

None

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**   Issue: DISCRIMINATION (DISCRIM)
        Filed By: GIBBS, MARNE
        Filed Date: 12/20/2017

**Party Name**        **Disposition Information**



**Defendant:**
J&D ACQUISITIONS INC

**Defendant:**
LONG, RYON

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 12-20-2017 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 12-20-2017 | DISCRIM | DISCRIMINATION | | | |
| 12-20-2017 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.00 |
| 12-20-2017 | PFE1 | PETITION<br>Document Available (#1038896792) 📄TIFF 📄PDF | | | $ 163.00 |
| 12-20-2017 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 12-20-2017 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 12-20-2017 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| 12-20-2017 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 12-20-2017 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.00 |
| 12-20-2017 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.00 |
| 12-20-2017 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.16 |
| 12-20-2017 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.45 |
| 12-20-2017 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.23 |
| 12-20-2017 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.75 |
| 12-20-2017 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |
| 12-20-2017 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 12-20-2017 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 12-20-2017 | SMF | SUMMONS FEE (CLERKS FEE)-2 | | | $ 20.00 |

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 12-20-2017 | SMIMA | SUMMONS ISSUED - MAILED BY ATTORNEY-2 | | | |
| 12-20-2017 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE NIGHTINGALE, REBECCA B. TO THIS CASE. | | | |
| 12-20-2017 | ACCOUNT | RECEIPT # 2017-3685598 ON 12/20/2017.<br>PAYOR: SMOLEN SMOLEN TOTAL AMOUNT PAID: $ 252.14.<br>LINE ITEMS:<br>CJ-2017-5037: $183.00 ON AC01 CLERK FEES.<br>CJ-2017-5037: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL.<br>CJ-2017-5037: $1.66 ON AC31 COURT CLERK REVOLVING FUND.<br>CJ-2017-5037: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.<br>CJ-2017-5037: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.<br>CJ-2017-5037: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY.<br>CJ-2017-5037: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS.<br>CJ-2017-5037: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND.<br>CJ-2017-5037: $25.00 ON AC79 OCIS REVOLVING FUND.<br>CJ-2017-5037: $10.00 ON AC81 LENGTHY TRIAL FUND.<br>CJ-2017-5037: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. | | | |
| 01-17-2018 | S | PARTY HAS BEEN SUCCESSFULLY SERVED. J&D ACQUISITIONS INC SERVED / CERT MAIL / SIG ILLEGIBLE / DEL ON 1-11-18<br>Document Available (#1039129740) 📄TIFF 📄PDF | | J&D ACQUISITIONS INC | |
| 01-25-2018 | S | PARTY HAS BEEN SUCCESSFULLY SERVED. RYON LONG SERVED / PERS SERV / ON 1-22-18 BY PS<br>Document Available (#1039396546) 📄TIFF 📄PDF | | LONG, RYON | |

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

MARNE GIBBS, )
 )
 Plaintiff, ) **CJ-2017-05037**
 ) Case No.
vs. ) Rebecca Brett Nightingale
 )
(1) J&D ACQUISITIONS, INC., a ) Attorney Lien Claimed
 Domestic For Profit Business )
 Corporation, ) **FILED** DISTRICT COURT
(2) RYON LONG, an Individual, )
 ) DEC 20 2017
 Defendants. )
 ) DON NEWBERRY, Court Clerk
 STATE OF OKLA. TULSA COUNTY

**PETITION**

COMES NOW the Plaintiff, Marne Gibbs, by and through her attorneys of record, Daniel E. Smolen and Lauren G. Lambright, of SMOLEN, SMOLEN & ROYTMAN, PLLC, and brings this action against the Defendants, J&D Acquisitions, Inc. and Ryon Long, an individual. for violations of her constitutionally protected rights arising out of her employment by said Defendant.

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is a citizen of the United States of America and a resident of the State of Oklahoma.

2. Defendant, J&D Acquisitions, Inc., (hereinafter "Jim Norton Toyota"), is a domestic for profit business corporation that conducts regular business in Tulsa County and regularly employs more than fifteen (15) people.

3. Defendant, Ryon Long, is an individual living in Tulsa County.

4. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42 U.S.C §2000-

2 hereinafter ("Title VII"), providing for relief against discrimination and sexual harassment in employment, retaliation and wrongful termination. Additionally, this action is also brought under the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601, *et seq.*) (hereinafter "FMLA").

5. Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") complaining of sexual harassment, gender discrimination, retaliation and termination due to her complaints about the sexual harassment as well as her gender. A Notice of Right to Sue was received by the Plaintiff and this Petition has been filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, the Plaintiff has complied fully with all exhaustion prerequisites required under Title VII.

6. Jurisdiction of the Court is proper under 25 O.S. 1301 et seq and § 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3). In addition, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343 (Civil Rights), and 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

7. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

8. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g).

9. Punitive damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

10. This action lies properly in Tulsa County because the Defendant conducts regular business in Tulsa County.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff, Marne Gibbs, incorporates as if realleged Paragraphs 1-10.

12. The Plaintiff is a female.

13.     The Plaintiff began her employment with the Defendant Jim Norton Toyota in August 2014 as a sales consultant.

14.     In August of 2015, Plaintiff Gibbs made a lateral transfer to New Car Sales and shortly thereafter, received a promotion to finance business manager.

15.     The Plaintiff regularly encountered offensive work place communication regarding women from the males in the department. The Plaintiff was also subjected to physical touching from male employees that was beyond the bounds of decency.

16.     While Plaintiff was in a coworker's office, an employee named Nick Jones came into the office, approached Plaintiff from behind and sniffed her body from the floor to her head, then proceeded to move his hips in a manner appearing to be having sexual intercourse with her. The other male employee in the office asked him what he was doing and told him to stop. The male employee reported this behavior to Mr. Jones' manager, Mike David, yet nothing was done.

17.     On another occasion, an employee named Shawn Walsh grabbed the Plaintiff's hip and simulated having sex with her from behind. This incident was reported to Mike David, who did nothing to stop the harassment.

18.     It isn't surprising Mike David did nothing to stop the harassment, as he was guilty of harassing behavior as well. On many occasions, when Plaintiff Gibbs would enter his office, Mr. David would hit underneath his desk with his hand, acting as if he got an erection.

19.     The Plaintiff complained about the inappropriate sexual harassment but it persisted. Additionally, the men in the office began treating her in a hostile manner,

including an incident where a male coworker, Darrel Brown, screamed at her, telling her to get to her desk and sit down.

20. In mid-May of 2016, Plaintiff Gibbs was asked to join the internet sales department. The move was supposed to be a stepping stone to get to know all areas of the company in order to advance into higher positions. Her new supervisor in the Internet Sales Department was Defendant Ryon Long.

21. On January 21, 2017, while out with a number of employees from work, Defendant Ryon Long, sexually assaulted the Plaintiff while they were sitting on bar stools. He reached across two seats and jammed his hand between the Plaintiff's legs, fondling her crotch and stated, "Do you like that?" The Plaintiff tried to jump up and Defendant Long forcefully grabbed her arm, twisting it back and yelled, "I fucking love you. I feel like I'm 20 when I'm around you." Defendant Long left bruises on Plaintiff's arm. She paid her tab and quickly left. The Plaintiff filed a police report over this incident.

22. Defendant Long constantly harassed the Plaintiff at work, asking her when she was coming over to his house, telling her that he dreamed about her in sexual ways, telling her she turned him on, calling her a tease, and offering her his address.

23. On another occasion, around February 14, 2017 Defendant Long attempted to pull the Plaintiff's shirt and jacket down in the showroom in order to expose her breasts. This incident was witnessed by several coworkers.

24. The Plaintiff is aware that Defendant Long had a similar incident previous to the one in which he grabbed Plaintiff's crotch. On October 13, 2015, Defendant Long chased a female subordinate employee, Kirsten Smith, grabbed at her numerous times and made

inappropriate comments to her throughout the evening at a Thunder basketball game, which was a work sponsored event. This was reported to management and he was not fired.

25. The Plaintiff made a formal complaint in writing to HR Director, Barbara Choisnet, on February 20, 2017.

26. Defendant Long was made aware of her complaint and he and other males in the department began treating Plaintiff horribly.

27. While Defendant Long was eventually terminated on March 1, 2017, the Plaintiff was placed under a new supervisor, Joy McPherson, who treated her horribly.

28. The Defendant Jim Norton Toyota had direct knowledge that Defendant Long had sexually harassed and touched female employees in the past and allowed him to remain employed and repeat his sexual harassment on the Plaintiff.

29. The Defendant Jim Norton Toyota also had direct knowledge of the sexually hostile work environment its other male employees created. Defendant Jim Norton allowed and even fostered this hostile environment through its failure to address it and failure to discipline or terminate the male employees responsible, even after receiving complaints.

30. After Defendant Long was terminated, Defendant Jim Norton continued to retaliate against the Plaintiff, taking sales away from her, humiliating her in the office, and not paying her what she was owed on certain car sales. These payments and sales would instead be given to male employees.

31. The Plaintiff found her work environment to be subjectively hostile based on her sex. A reasonable person would agree. The Plaintiff suffered sexual harassment that was severe and pervasive on a near daily basis.

32. In fact, the Plaintiff was diagnosed with atrial tachycardia, high blood pressure and extreme anxiety. She suffered severe physical effects from the hostile work environment and retaliatory behavior she suffered as a result of her complaints.

33. The Plaintiff's condition worsened to the point she had to request FMLA leave for her medical conditions.

34. The Plaintiff complained about the retaliation and she was discharged from employment on March 22, 2017.

35. The Plaintiff believes she was treated disparately and terminated from employment based on her gender and in retaliation for her complaints about the discrimination and sexually hostile work environment.

36. For purposes of qualifying under the FMLA, the Plaintiff worked the required 1,250 hours in the twelve (12) months previous to her serious health condition and was therefore an eligible employee under the FMLA. The Defendant employed well over fifty (50) employees. The Plaintiff submitted the necessary paperwork for FMLA leave on March 14, 2017.

### FIRST CLAIM FOR RELIEF:
### SEXUAL HARRASMENT/SEXUALLY HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII
**(Against Defendant Jim Norton Toyota)**

37. Plaintiff, Marne Gibbs, incorporates as if realleged Paragraphs 1-36.

38. By subjecting the Plaintiff to sexual harassment, sexually physical assaults from her direct supervisor, and severe and pervasive behavior on an almost daily basis, and by terminating holding the Plaintiff after complaining about the sexual harassment, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

6

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF:
## RETALIATION IN VIOLATION OF TITLE VII
### (Against Defendant Jim Norton Toyota)

39. Plaintiff incorporates as if realleged Paragraphs 1-38.

40. By terminating the Plaintiff's employment because she engaged in protected opposition to discrimination and sexual harassment, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF:
## GENDER DISCRIMINATION IN VIOLATION OF TITLE VII
### (Against Defendant Jim Norton Toyota)

41. Plaintiff, Marne Gibbs, incorporates as if realleged Paragraphs 1-40.

42. By treating the Plaintiff differently than her male coworkers with respect to sales and pay outs and awarding those sales rightfully earned by the Plaintiff to her male coworkers, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Jim Norton Toyota)

43.  Plaintiff incorporates as if realleged Paragraphs 1-42.

44.  The Defendant's actions of intentional and malicious sexual harassment, discrimination and retaliation are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## FIFTH CLAIM FOR RELIEF
## CIVIL SEXUAL ASSAULT AND BATTERY
### (Against Defendant Ryon Long)

45.  Plaintiff incorporates as if realleged Paragraphs 1-44.

46.  The acts of Defendant Long constituted harmful and offensive contact to the Plaintiff.

47.  The Plaintiff did not consent to the harmful and offensive contact to her body.

48.  Defendant Long acted intentionally, with the specific purpose of bringing about harmful and offensive contact to the Plaintiff.

49. By touching Plaintiff in a sexual manner, Defendant Long acted with the intent of putting Plaintiff in apprehension of such offensive, sexual contact.

50. By subjecting Plaintiff to unwanted, offensive sexual touching and contact, Plaintiff was placed in apprehension of an immediate harmful and/or offensive contact with her person by the conduct of Defendant Long.

51. Defendant Long's acts caused the Plaintiff to suffer injury, specifically including medical expenses, mental and physical pain and suffering, future medical, and other actual damages in excess of Seventy-Five Thousand Dollars, ($75,000.00).

52. The acts of Defendant Long, were willful and malicious and warrant punitive and exemplary damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
b. Punitive damages for the intentional and knowing acts committed by Defendant Long;
c. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SIXTH CLAIM FOR RELIEF
## INTERFERENCE AND RETALIATION IN VIOLATION OF FMLA (29 U.S.C. §§ 2615(a)(1) and (2))
**(against Defendant Jim Norton Toyota)**

53. Plaintiff incorporates as if realleged Paragraphs 1-52.

54. By unfairly terminating the Plaintiff in retaliation for her exercising FMLA, the Defendant has violated 29 U.S.C. § 2615(a)(2).

55. By interfering with Plaintiff's exercising her FMLA rights, through terminating her employment when she still had leave available, the Defendant has violated 29 U.S.C. § 2615(a)(2).

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

9

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, equitable relief including reinstatement if feasible, liquidated damages, reasonable attorney's fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,
SMOLEN, SMOLEN & ROYTMAN
P.L.L.C.

Daniel E. Smolen, OBA# 19943
Lauren G Lambright, OBA# 22300
701 South Cincinnati Avenue
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorneys for Plaintiff*

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA



(1) MARNE GIBBS,                      )
                                      )
         Plaintiff,                   )
                                      )   CJ-2017-05037
vs.                                   )
                                      )
(1) J&D ACQUISITIONS, INC., a         )   Attorney Lien Claimed
    Domestic For Profit Business      )
    Corporation,                      )
(2) RYON LONG, an Individual,         )   DISTRICT COURT
                                      )   FILED
         Defendants.                  )
                                          JAN 17 2018

                                          DON NEWBERRY, Court Clerk
                                          STATE OF OKLA. TULSA COUNTY

**ORIGINAL SUMMONS**

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

J&D Acquisitions, Inc.
c/o Bruce Roach
110 W. 7th, Ste. 900
Tulsa, OK 74119

To the above-named Defendant(s)

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this _20_ day of _12_, 2017

                                        DON NEWBERRY, Court Clerk
                                        County Court Clerk

                                   By   _____
                                        Deputy Court Clerk

(Seal)

This summons and order was served on

                                        _____
                                        (Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.
**Return ORIGINAL for filing.**

## PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of _____, 2017, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2017, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____ years of age or _____

Receipt [obscured by return receipt card]

**USPS Return Receipt (PS Form 3811):**
- 1. Article Addressed to: R&D Acquisitions, Inc. c/o Bruce Roach, 110 W. 7th, Ste. 900, Tulsa, OK 74119
- 9590 9402 3296 7196 4971 75
- 2. Article Number: 7017 1000 0000 4331 8007
- Service Type: Certified Mail
- A. Signature: [signed]
- C. Date of Delivery: JAN [illegible] 2018

Subscribed to and sworn to before me this _____ day of _____, 2017.
My Commission Expires: _____
   Seal                             Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the 8th day of January, 2018, and receipt thereof on the dates shown:

| Defendant Receipted | Address Where Served | Date |
|---|---|---|
| R&D Acquisitions | 110 W 7th Ste 900, Tulsa, OK 74119 | 1/11/18 |

Signature of person mailing summons

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA



| | |
|---|---|
| (1) MARNE GIBBS, | ) |
| Plaintiff, | ) **CJ-2017-05037**<br>) Case No. |
| vs. | ) |
| (1) J&D ACQUISITIONS, INC., a<br>    Domestic For Profit Business<br>    Corporation,<br>(2) RYON LONG, an Individual, | ) Attorney Lien Claimed |
| Defendants. | ) |

### ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

DISTRICT COURT
**FILED**
JAN 2 5 2018
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

Ryon Long
2816 E. 97th Court S., #305
Tulsa, OK 74137

To the above-named Defendant(s)

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this _20_ day of _12_, 2017

DON NEWBERRY, Court Clerk
County Court Clerk

By _____
Deputy Court Clerk

(Seal)

This summons and order was served on

_Robin Brown_
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.
**Return ORIGINAL for filing.**

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| (1) MARNE GIBBS, | ) |
|          Plaintiff, | ) ) ) |
| vs. | ) **Case No. CJ-2017-05037** |
| | ) Attorney Lien Claimed |
| (1) J&D ACQUISITIONS, INC., a Domestic For Profit Business Corporation, | ) ) ) |
| (2) RYON LONG, an Individual, | ) |
|          Defendants. | |

### RETURN OF SERVICE
### AFFIDAVIT

I certify that I received the foregoing Original Summons and Petition attached on the 22nd day of January 2018, and that on the 22nd day of January 2018 at 3.10 pm, I served Defendant Ryon Long with a copy of the foregoing Original Summons and Petition attached, personally at his usual place of employment located at 6868 East Broken Arrow Expressway Frontage Road, Tulsa, Oklahoma in Tulsa County, Oklahoma.

### FEES

Service fee $ 55.00,                Mileage fee $ 0.00,                Total fees $ 55.00

### AFFIDAVIT

I, Robin Brown, the undersigned, under oath, do say that I served this foregoing Original Summons and Petition attached and made a Return thereon and that according to law I am duly authorized to make this Affidavit, so help me God.

*Robin Brown*
Robin Brown,                Process Server PSS 2017-08

Subscribed and sworn to before me this _____ day of _____, 2018.

(SEAL)

_____
Notary Public of Oklahoma

My Commission Expires: _____.